UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cr-00146 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| MICHELLE ANN BALDWIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss the Indictment for Violations of the Speedy Trial Act (Dkt. 107). Hearing was held on the motion on July 7, 2011.

Pursuant to the Speedy Trial Act, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Defendant asserts that her rights under the Speedy Trial Act have been violated because more than 70 days (as calculated under the Speedy Trial Act) have transpired between her initial appearance in this Court and the present date.

Defendant asserts that between the dates of May 7, 2010, and June 8, 2010, 32 days for purposes of the Speedy Trial Act passed.[1] Defendant asserts that the Speedy Trial Act clocked resumed moving forward on March 17, 2011, and has continued in effect through the present date. Thus, Defendant asserts that the time limit articulated in the Speedy Trial Act has long since expired. Defendant's argument, however, fails to recognize that under the Speedy Trial Act, "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" is "excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h)(4); *see also, White v. United States*, 273 Fed. Appx. 559, 564 (7th Cir., Mar. 15, 2008) (period during which defendant was deemed incompetent to stand trial is not counted in Speedy Trial Act calculation); *United States v. Morales*, 2008 WL 552662 at * 2-3 (D. Ariz., Feb. 27, 2008) (same); *United States v. Cook*, 2010 WL 4284526 at *5 (S.D. Ohio, Oct. 27, 2010) (same).

On August 20, 2010, the Court found Defendant not competent to stand trial. Defendant has since been, and continues to be, incompetent to stand trial. As such, the Speedy Trial Act clock has not advanced since August 20, 2010, and is not presently advancing. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss the Indictment for Violations of the Speedy Trial Act (Dkt. 107) be **denied**.

Date: July 13, 2011               /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge

---

[1] The United States asserts that only 24 Speedy Trial Act days passed during this period of time. As discussed below, however, the Court need not resolve this dispute as even under Defendant's calculation she has not suffered a violation of her rights under the Speedy Trial Act.

## **NOTICE TO PARTIES**

You have the right to <u>de</u> <u>novo</u> review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).